## Samuel Libitsky, Plaintiff in Error, v. Dora Libitsky, Defendant in Error.

### Gen. No. 14,266.

APPEALS AND ERRORS—*how misprisions of transcript may be corrected.* Misprisions in the original transcript filed on appeal may be corrected by the filing of an additional transcript showing accurately the record as it stands in the trial court.

Divorce. Error to the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed February 15, 1909.

F. J. KARASEK and CHARLES W. ESPEY, for plaintiff in error.

WEISSENBACH & MELOAN, for defendant in error.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The defendant in error filed a bill against plaintiff in error for a divorce, in which it is averred, in substance, as follows: For more than a year last past complainant has been continuously an actual resident of this State. September 10, 1890, at Bishof Kiew, in Russia, he was lawfully united in marriage with Doba Libitsky, the defendant, and he and she lived together as husband and wife till about May 19, 1905. About June 1, 1896, the defendant, wilfully and without any reasonable or just cause, deserted and abandoned complainant, and refused to cohabit with him as his wife, and thence hitherto has so refused. About December 3, 1900, at Bishof Kiew, in Russia, defendant committed adultery with a man whose name is unknown to complainant. A summons was issued and returned not found. Complainant made affidavit that the defendant's place of residence was Bishof, Russia, and notice was given by publication and mailing copies of notice, as required by the statute; the defendant

was defaulted and the bill taken for confessed, and the court, after hearing evidence in open court, rendered a decree finding that the complainant had been a resident of this State one whole year prior to the time of filing the bill; that defendant was guilty of wilful desertion of complainant for more than two years, without any reasonable cause, and also was guilty of adultery since her marriage with the complainant, as charged in the bill, and decreed a dissolution of the bonds of matrimony between complainant and defendant.

Counsel for the defendant, plaintiff in error here, contend that there are defects in the affidavit of nonresidence of the defendant, and that the jurat has no date, and that these defects affect the jurisdiction of the court. Counsel state that in the affidavit and the published notice, a copy of which is certified to have been mailed to defendant, her name is given as Dobe instead of Doba. This is true as to a transcript filed here March 3, 1908, and which is certified to be complete; but in an additional transcript filed here April 13, 1908, by leave of the court, the name of the defendant in the affidavit of non-residence and in the published and mailed notice is Doba Lubitsky. The brief for plaintiff in error was filed here March 16, 1908, before the additional transcript was filed. Hence the objections which the additional transcript obviates. Counsel further say that the evidence fails to support either of the grounds for divorce set forth in the bill. We think this statement rather extraordinary. It would subserve no useful purpose to refer in detail to the evidence. We have carefully read and considered it, and are of opinion that it sustains both grounds for divorce stated in the bill.

The decree will be affirmed.

*Affirmed.*